# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

STATE FARM MUTUAL AUTOMOBILE  *
 INSURANCE COMPANY
1 State Farm Plaza      *
Bloomington, Illinois 61710-0001
            *
and
            *
STATE FARM FIRE AND
CASUALTY  COMPANY     *
1 State Farm Plaza
Bloomington, Illinois 61710-0001   *

    Plaintiffs     *

 vs.          *
              Civil Action:
            *
ALLIED HEALTHCARE PRACTITIONERS
4444 Connecticut Avenue, N.W.   *
Washington, D.C.  20008
            *
   Serve on:
            *
   Richard William Albert
   4845 Glenbrook Road, N.W.   *
   Washington, D.C.  20016
          *  JURY TRIAL DEMANDED
   and
            *
RICHARD WILLIAM ALBERT
4845 Glenbrook Road, N.W.    *
Washington, D.C.  20016
            *

    Defendants    *

## COMPLAINT FOR MONETARY DAMAGES
## AND DECLARATORY RELIEF

   Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm

Fire and Casualty Company (collectively referred to herein as "State Farm") by their

attorneys, Budow and Noble, P.C,, and Laura Basem Jacobs bring this action against Defendants, Allied Health Care Practitioners and Richard William Albert, and allege violations of the District of Columbia Insurance Fraud Act.   In support of their claims, the Plaintiffs state as follows:

### A.    THE PARTIES

1.    Plaintiffs are corporations existing under the laws of Illinois with their principal place of business in Bloomington, IL.  Plaintiffs are duly licensed to engage in the writing of automobile insurance policies in the District of Columbia, the State of Maryland and the Commonwealth of Virginia.  Plaintiffs provide insurance coverage to their customers for, among other things, bodily injuries and lost wages arising from automobile collisions as well as liability coverage for injured third parties.

2.    Defendant Richard William Albert (hereinafter "Albert") is a resident of the District of Columbia, currently living at 4845 Glenbrook Road, N.W., Washington, D.C. 20016.  Albert is licensed to practice medicine in the District of Columbia.

3.    Allied Health Care Practitioners (hereinafter "Allied") is used by Albert to conduct his medical practice.  The business, which is not registered in the District of Columbia with the Department of Consumer and Regulatory Affairs, is located at 4444 Connecticut Avenue, N.W., Washington, D.C.  20008.

### B.    <u>VENUE AND JURISDICTION</u>

4.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, based on the diverse citizenship of the parties and the amount in controversy which exceeds $75,000.00, exclusive of interest and costs.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

**C.    FACTS**

6.      This Complaint is brought by State Farm to recover damages from Defendants Allied and Albert for their intentional pattern and practice of fraudulent activities and statutory violations in the District of Columbia.

7.      The time relevant to this action is the period from 2002 to the present.

8.      State Farm has, and has had, a number of insureds and claimants who sought and allegedly received treatment for various injuries from Defendants.  State Farm has thus far identified a substantial number of open and closed claims involving these Defendants.  In these claims, Plaintiffs have received approximately $452,218.00 in bills from Defendants, which bills have been submitted under the names of Allied and Neurodiagnostics.  Pursuant to these bills, Plaintiffs State Farm have made payments in first and third party claims of over  approximately $248,417.60.   State Farm's investigation of these claims is ongoing.

9.      The fraudulent practices on the part of Defendants have caused and will continue to cause tremendous harm to State Farm.

10.     Defendants' schemes to intentionally defraud State Farm arise from automobile accidents involving individual(s) insured with State Farm and where the alleged injured party was referred to or otherwise reported to Defendants alleging injuries.

11.     Defendants, individually and through their agents, servants, and employees, without the knowledge and consent of State Farm, agreed and conspired

3

together, and/or individually, to devise and participate in a scheme to defraud State Farm by means of false and fraudulent representations, including and set forth in greater detail below: (A) creating records and billing for treatment that was not rendered; (B) billing for treatment rendered by individuals not licensed or qualified to administer the treatment provided; (C) improper billing and record creation violating the laws of the District of Columbia and industry custom and standards; (D) administering and billing for unnecessary and unreasonable treatment and testing.

12.    By engaging in the acts heretofore described, the Defendants violated the District of Columbia Insurance Fraud Statute and the Health Occupations Article of the Annotated Code of the District of Columbia, and accordingly had no legal right to collect fees for the alleged services performed. Accordingly, the patients who either never received the treatment, or received unreasonable and/or unnecessary treatment, and/or were improperly billed for treatment as set forth above had no obligation to pay Defendants for these services.

13.    Defendants prepared the fraudulent bills at issue in this lawsuit with the intention and knowledge that said bills would be submitted to State Farm. Given the nature of the fraudulent charges as set forth herein, State Farm did not have any legal obligation to pay these invoices, which were submitted to it in first party claims submitted by insureds for personal injury protection benefits (PIP) or Medical Payment Benefits, first party claims asserted by insureds seeking uninsured motorist benefits, and third party claims against State Farm's insureds. These claims include, but are not limited to, the patients identified herein.

14.    Upon information and belief, and based upon the investigations to date, the following is alleged to the best of Plaintiffs' knowledge:

D.    **PATIENTS**

15.    BP-15 submitted a Medical Payment claim (46-0613-380) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $7,582.00, allegedly related to an automobile collision on July 19, 2002. Plaintiffs paid $4,250.85 pursuant to the PIP claim, as related to BP-15's alleged injuries, treatment and charges as fraudulently reported by Defendants.

16.    BP-16 submitted a Medical Payment claim (46-0776-654) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $4,260.00, allegedly related to an automobile collision on August 21, 2003. Plaintiffs paid $4,260.00 pursuant to the PIP claim, as related to BP-16's alleged injuries, treatment and charges as fraudulently reported by Defendants.

17.    KB-17 submitted a Medical Payment claim (46-0777-696) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $4,410.00, allegedly related to an automobile collision on September 14, 2003. Plaintiffs paid $4,410.00 related to KB-17's alleged injuries, treatment and charges as fraudulently reported by Defendants.

18.    VD-18 submitted a PIP claim (20-5696-488) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $1,423.00, allegedly related to an automobile collision on September 19, 2003. Plaintiffs paid $1,260.00 related to VD-18's alleged injuries, treatment and charges as fraudulently reported by Defendants.

19.    NG-19 submitted PIP and uninsured motorist claims (20-5722-339) to

Plaintiffs reflecting Defendants' fraudulent charges in the amount of $4,505.00, allegedly related to an automobile collision on November 22, 2003. Plaintiffs paid $2,500.00 pursuant to the PIP claim and $4,500.00 related to the uninsured motorist claim, as related to NG-19's alleged injuries, treatment and charges as fraudulently reported by Defendants.

20.    DL-20 submitted PIP and uninsured motorist claims (20-5722-339) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $3,865.00, allegedly related to an automobile collision on November 22, 2003. Plaintiffs paid $2,500.00 pursuant to the PIP claim and $4,000.00 related to the uninsured motorist claim, as related to DL-20's injuries and treatment as fraudulently reported by Defendants.

21.    LW-21 submitted a PIP claim (20-5729-982) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $5,573.00, allegedly related to an automobile collision on December 10, 2003. Plaintiffs paid $1,097.03 related to LW-21's alleged injuries, treatment and charges as fraudulently reported by Defendants.

22.    FN-22 submitted an uninsured motorist claim (20-6210-849) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $5,275.00, allegedly related to an automobile collision on January 9, 2004.

23.    BP-23 submitted a Medical Payments Claim (46-0829-438) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $10,475.00, allegedly related to an automobile collision on January 20, 2004. Plaintiffs paid $3,701.14 pursuant to the PIP claim, as related to BP-23's alleged injuries, treatment and charges as fraudulently reported by Defendants.

24.    VK-24 made a third party claim against a State Farm insured (20-5753-470) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $6,960.00, allegedly related to an automobile collision on February 19, 2004.

25.    BE-25, a minor, submitted a PIP claim (20-5770-732) through Guardian RE to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $150.00, allegedly related to an automobile collision on April 15, 2004.    Plaintiffs paid $150.00 related to BE-25's alleged injuries, treatment and charges as fraudulently reported by Defendants.

26.    SE-26 submitted a PIP claim (20-5788-160) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $6,428.00, allegedly related to an automobile collision on June 4, 2004.  Plaintiffs paid $2,500.00 related to SE-26's alleged injuries, treatment and charges as fraudulently reported by Defendants.

27.    TE-27 submitted PIP and uninsured motorist claims (20-5807-167) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $8,980.00, allegedly related to an automobile collision on July 30, 2004.  Plaintiffs paid $8,980.00 pursuant to the PIP claim and $14,000.00 related to the uninsured motorist claim, as related to TE-27's injuries and treatment as fraudulently reported by Defendants.

28.    DA-28 submitted a PIP claim (09-5082-974) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $5,193.00, allegedly related to an automobile collision on August 24, 2004.

29.    JA-29 submitted a PIP claim (09-5082-974) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $5,698.00, allegedly related to an

automobile collision on August 24, 2004.

30.    MR-30 made a third party claim against a State Farm insured (20-5870-077) reflecting Defendants' fraudulent charges in the amount of $5,065.00, allegedly related to an automobile collision on January 21, 2005.   Plaintiffs paid $8,100.00 related to MR-30's alleged injuries, treatment and charges as fraudulently reported by Defendants.

31.    AA-31 made a third party claim against a State Farm insured (20-5873-858) reflecting Defendants' fraudulent charges in the amount of $5,498.00, allegedly related to an automobile collision on January 23, 2005.   Plaintiffs paid $10,030.00 related to this claim as a result of a judgment entered against its insured based upon evidence relating to the alleged injuries, treatment and charges as fraudulently reported by Defendants.

32.    TS-32 submitted a PIP claim and a third party claim against a State Farm insured (20-5886-251) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of  $5,033.00, allegedly related to an automobile collision on March 12, 2005. Plaintiffs paid $4,995.00 toward the PIP claim and $8,000.00 toward the third party claim related to TS-32's alleged injuries, treatment and charges as fraudulently reported by Defendants.

33.    RP-33 submitted a PIP claim (09-5089-898) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $4,625.00, allegedly related to an automobile collision on April 1, 2005.

34.    TP-34 submitted a PIP claim (09-5089-898) to Plaintiffs reflecting

8

Defendants' fraudulent charges in the amount of $2,395.00, allegedly related to an automobile collision on April 1, 2005.

35.    DJ-35 made a third party claim against a State Farm insured (20-5905-531) reflecting Defendants' fraudulent charges in the amount of $4,805.00, allegedly related to an automobile collision on May 10, 2005.

36.    AW-36 made a third party claim against a State Farm insured (09-5092-642) reflecting Defendants' fraudulent charges in the amount of $8,395.00, allegedly related to an automobile collision on June 15, 2005.  Plaintiffs paid $8,100.00 related to AW-36's alleged injuries, treatment and charges as fraudulently reported by Defendants.

37.    AA-37 made a third party claim against a State Farm insured (09-5095-741) reflecting Defendants' fraudulent charges in the amount of $5,815.00, allegedly related to an automobile collision on June 25, 2005.

38.    RF-38 made a third party claim against a State Farm insured (09-5095-741). reflecting Defendants' fraudulent charges in the amount of $9,285.00, allegedly related to an automobile collision on June 25, 2005.

39.    VW-39 submitted an uninsured motorist claim (20-5924-849) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $7,000.00, allegedly related to an automobile collision on July 5, 2005.    Plaintiffs paid $20,000.00 related to VW-39's alleged injuries, treatment and charges as fraudulently reported by Defendants.

40.    LW-40 made a third party claim against a State Farm insured (46-1029-687) reflecting Defendants' fraudulent charges in the amount of $4,560.00,

9

allegedly related to an automobile collision on July 16, 2005.  Plaintiffs paid $9,500.00 related to LW-40's alleged injuries, treatment and charges as fraudulently reported by Defendants.

41.    VW-41 made a third party claim against a State Farm insured (46-1029-687). reflecting Defendants' fraudulent charges in the amount of $6,490.00, allegedly related to an automobile collision on July 16, 2005.  Plaintiffs paid $17,000.00 related to VW-41's alleged injuries, treatment and charges as fraudulently reported by Defendants.

42.    RH-42 submitted a PIP claim (20-5933-787) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of  $5,190.00, allegedly related to an automobile collision on July 25, 2005.  Plaintiffs paid $5,015.00 related to RH-42's alleged injuries, treatment and charges as fraudulently reported by Defendants.

43.    GR-43 submitted a PIP claim (20-5933-787) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of  $4,033.00, allegedly related to an automobile collision on July 25, 2005.  Plaintiffs paid $3,500.00 related to GR-43's alleged injuries, treatment and charges as fraudulently reported by Defendants.

44.    DL-44 submitted a PIP claim (09-5095-114) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $6,695.00, allegedly related to an automobile collision on July 26, 2005.  Plaintiffs paid $5,095.00 related to DL-44's alleged injuries, treatment and charges as fraudulently reported by Defendants.

45.    DH-45 submitted PIP claim and third party claim against a State Farm insured (20-5944-707) to Plaintiffs reflecting Defendants' fraudulent charges in the

amount of $1,610.00, allegedly related to an automobile collision on August 26, 2005. Plaintiffs paid $4,000.00 related to the uninsured motorist claim, as related to DH-45's alleged injuries, treatment and charges as fraudulently reported by Defendants.

46.    JS-46 submitted a PIP claim and uninsured motorist (20-5943-640) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $16,360.00, allegedly related to an automobile collision on August 27, 2005. Plaintiffs paid $10,000.00 related to JS-46's alleged injuries, treatment and charges as fraudulently reported by Defendants.

47.    PB-47, a minor, made a third party claim against a State Farm (09-5095-076) reflecting Defendants' fraudulent charges in the amount of $3,070.00, allegedly related to an automobile collision on August 29, 2005. Plaintiffs paid $3,209.00 related to PB-47's alleged injuries, treatment and charges as fraudulently reported by Defendants.

48.    AG-48, a minor, made a third party claim against a State Farm insured (09-5095-076) reflecting Defendants' fraudulent charges in the amount of $4,350.00, allegedly related to an automobile collision on August 29, 2005. Plaintiffs paid $4,209.00 related to AG-48's injuries and treatment as fraudulently reported by Defendants.

49.    SG-49, a minor, made a third party claim against a State Farm insured (09-5095-076). reflecting Defendants' fraudulent charges in the amount of $3,665.00, allegedly related to an automobile collision on August 29, 2005. Plaintiffs paid $3,734.00 related to SG-49's injuries and treatment as fraudulently reported by Defendants.

50.    TH-50 made a third party claim against a State Farm insured

(09-5096-024) reflecting Defendants' fraudulent charges in the amount of $4,555.00, allegedly related to an automobile collision on September 23, 2005.  Plaintiffs paid $5,700.00 related to the uninsured motorist claim, as related to TH-50's alleged injuries, treatment and charges as fraudulently reported by Defendants.

51.    DJ-51 submitted a PIP claim (20-5955-732) to Plaintiffs reflecting two different sets of Defendants' fraudulent charges in the amount of  $5,160.00 and $8,968.00 respectively, for a total of $14,128.00, allegedly related to an automobile collision on October 3, 2005.

52.    TM-52 submitted a bodily injury claim against a State Farm insured (09-5096-475) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $4,740.00, allegedly related to an automobile collision on October 14, 2005.

53.    AM-53 submitted an uninsured motorist  (09-5096-603) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of  $3,630.00, allegedly related to an automobile collision on October 16, 2005.  Plaintiffs paid $4,600.00 related to AM-53's alleged injuries, treatment and charges as fraudulently reported by Defendants.

54.    MM-54 submitted Medical Payment and uninsured motorist claims (46-1061-787) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $4,043.00, allegedly related to an automobile collision on October 20, 2005.  Plaintiffs paid $2,000.00  related to the Medical Payment claim and $7,000.00 related to the uninsured motorist claim, as related to MM-54's alleged injuries, treatment and charges as fraudulently reported by Defendants.

55.    AJ-55 submitted PIP and uninsured motorist claims (20-5967-368) to

Plaintiffs reflecting Defendants' fraudulent charges in the amount of $6,265.00, allegedly related to an automobile collision on November 2, 2005. Plaintiffs paid $7,515.00 related to the uninsured motorist claim, and $2,270.00 related to the PIP claim, as related to AJ-55's alleged injuries, treatment and charges as fraudulently reported by Defendants.

56.    MJ-56 submitted PIP and uninsured motorist claims (20-5967-368) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $6,485.00, allegedly related to an automobile collision on November 2, 2005. Plaintiffs paid $7,725.00 related to the uninsured motorist claim, and $2,290.00 related to the PIP claim, as related to MJ-56's alleged injuries, treatment and charges as fraudulently reported by Defendants.

57.    DJ-57 made a third party claim against a State Farm insured (09-5097-149) reflecting Defendants' fraudulent charges in the amount of $5,425.00, allegedly related to an automobile collision on November 3, 2005.

58.    TM-58 made a PIP claim ( 20-5972-828) reflecting Defendants' fraudulent charges in the amount of $5,098.00, allegedly related to an automobile collision on November 8, 2005. Plaintiffs paid $1,117.98 related to TM-58's alleged injuries, treatment and charges as fraudulently reported by Defendants.

59.    KF-59 submitted a PIP claim and uninsured motorist claim (20-5971-849) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $3,775.00, allegedly related to an automobile collision on November 13, 2005. Plaintiffs paid $3,830.00 related to KF-59's alleged injuries, treatment and charges as fraudulently

reported by Defendants.

60.    SS-60 made a third party claim against a State Farm insured (20-5973-386) reflecting Defendants' fraudulent charges in the amount of $7,045.00, allegedly related to an automobile collision on November 18, 2005.

61.    RM-61 made a third party claim against a State Farm insured (20-5973-386) reflecting Defendants' fraudulent charges in the amount of $6,675.00 and $4,990.00, for a total of $11,665.00, allegedly related to an automobile collision on November 18, 2005.

62.    TD-62 made a PIP claim ( 20-5973-233) reflecting Defendants' fraudulent charges in the amount of $3,933.00, allegedly related to an automobile collision on November 20, 2005.

63.    PB-63 made a third party claim against a  State Farm insured (09-5098-424) reflecting Defendants' fraudulent charges in the amount of $7,455.00, allegedly related to an automobile collision on December 14, 2005.

64.    NG-64 submitted a PIP claim (20-5982-854) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of  $3,890.00, allegedly related to an automobile collision on December 16, 2005.  Plaintiffs paid $2,500.00 pursuant to the PIP claim, as related to NG-64's alleged injuries,  treatment and charges as fraudulently reported by Defendants.

65.    LB-65 made a third party claim against a State Farm insured (20-5992-547) reflecting Defendants' fraudulent charges in the amount of $4,370.00, allegedly related to an automobile collision on January 14, 2006.  Plaintiffs paid $4,575.00 as

14

related to LB-65's alleged injuries, treatment and charges as fraudulently reported by Defendants.

66.    SM-66 submitted PIP and uninsured motorist claims (20-5994-189) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $6,465.00, allegedly related to an automobile collision on January 20, 2006.

67.    LM-67 made a third party claim against a State Farm insured (20-5997-319) reflecting Defendants' fraudulent charges in the amount of $4,750.00, allegedly related to an automobile collision on January 28, 2006.

68.    EH-68 made a third party claim against a State Farm insured (20-5997-319) reflecting Defendants' fraudulent charges in the amount of $3,960.00, allegedly related to an automobile collision on January 28, 2006.

69.    RG-69 made a third party claim against a State Farm insured (09-5099-792) reflecting Defendants' fraudulent charges in the amount of $5,520.00, allegedly related to an automobile collision on February 1, 2006.

70.    AV-70 submitted a PIP claim (09-5100-520) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $4,765.00, allegedly related to an automobile collision on February 27, 2006.

71.    MR-71 submitted a PIP claim (09-5100-520) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $5,455.00, allegedly related to an automobile collision on February 27, 2006.

72.    JF-72 made a third party claim against a State Farm insured (20-5100-693) reflecting Defendants' fraudulent charges in the amount of $6,000.00, allegedly

related to an automobile collision on March 6, 2006.

73.    MA-73 submitted a PIP claim (20-6109-348) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $8,115.00, allegedly related to an automobile collision on March 12, 2006.

74.    RB-74 submitted a PIP claim (20-6109-348) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $14,410.00, allegedly related to an automobile collision on March 12, 2006.

75.    BK-75 submitted a PIP claim (20-6152-810) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $2,445.00, allegedly related to an automobile collision on July 17, 2006.

76.    DH-76 submitted a PIP claim (20-6157-306) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $7,195.00, allegedly related to an automobile collision on July 24, 2006.  Plaintiffs paid $6,250.00 related to DH-76's alleged injuries, treatment and charges as fraudulently reported by Defendants.

77.    LR-77 submitted a PIP claim (20-6157-306) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $7,465.00, allegedly related to an automobile collision on July 24, 2006.

78.    DD-78 made a third party claim against a State Farm insured (20-6159-984) reflecting Defendants' fraudulent charges in the amount of $5,000.00, allegedly related to an automobile collision on August 2, 2006.

79.    OH-79 submitted a Medical Payments claim (46-1160-131) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $5,025.00, allegedly related

to an automobile collision on August 4, 2006.

80.     NM-80 submitted PIP claim and uninsured motorist claims (09-5106-005) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $9,720.00, allegedly related to an automobile collision on August 12, 2006.

81.     AM-81 submitted PIP claim and uninsured motorist claims (09-5106-775) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $4,120.00, allegedly related to an automobile collision on September 10, 2006.

82.     GS-82 made a third party claim against a State Farm insured (09-5108-247) reflecting Defendants' fraudulent charges in the amount of $8,815.00, allegedly related to an automobile collision on October 24, 2006.

83.     RH-83 submitted a PIP claim (20-6190-105) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $4,520.00, allegedly related to an automobile collision on November 2, 2006.  Plaintiffs paid $1,507.20 related to RH-83s alleged injuries, treatment and charges as fraudulently reported by Defendants.

84.     RC-84 submitted a PIP claim (20-6198-695) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $5,055.00, allegedly related to an automobile collision on November 25, 2006.

85.     JTA-85 submitted a PIP claim (20-6198-695) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $4,905.00, allegedly related to an automobile collision on November 25, 2006.

86.     JT-86 submitted a PIP claim (20-6198-695) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $1,435.00, allegedly related to an

17

automobile collision on November 25, 2006.

87.    RP-87 made a third party claim against a State Farm insured (46-1203-702) reflecting Defendants' fraudulent charges in the amount of $5,155.00, allegedly related to an automobile collision on December 12, 2006.

88.    GV-88 submitted PIP and uninsured motorist claims (09-5110-623) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of  $4,280.00, allegedly related to an automobile collision on January 6, 2007.

90.    MR-90 made a third party claim against a State Farm insured (09-5110-620) reflecting Defendants' fraudulent charges in the amount of $3,500.00, allegedly related to an automobile collision on January 7, 2007.

91.    DB-91 made a third party claim against a State Farm insured (09-5110-620) reflecting Defendants' fraudulent charges in the amount of $5,280.00, allegedly related to an automobile collision on January 7, 2007.

92.    TB-92 made a third party claim against a State Farm insured  (09-5110-620) Defendants' fraudulent charges in the amount of $5,120.00, allegedly related to an automobile collision on January 7, 2007.

93.    SS-93 submitted a PIP claim (20-6232-698) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $1,745.00allegedly related to an automobile collision on January 7, 2007.

94.    NG-94 submitted a PIP claim (20-6279-342) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $3,245.00allegedly related to an automobile collision on June 4, 2007.

95.    JW-95 submitted a PIP claim (20-6271-016) to Plaintiffs reflecting Defendants' fraudulent charges in the amount of $2,795.00 allegedly related to an automobile collision on June 15, 2007.

96.    YW-96 made a third party claim against a State Farm insured (09-5077-099) reflecting Defendants' fraudulent charges in the amount of $4,740.00, allegedly related to an automobile collision on March 5, 2004.

**E.    FRAUDULENT SCHEMES**

Treatment Billed Was Not Rendered

97.    In their scheme to intentionally defraud Plaintiffs by charging for treatment that was not rendered, Plaintiffs repeatedly and consistently charged for treatment on dates that the patient did not report to Defendants' office and/or charged for specific modalities that were never administered to the patient.  Defendants presented the bills for treatment that was not rendered to Plaintiffs primarily through the use of Health Insurance Claim Forms (HICFAs),   Defendants utilized CPT codes on the HICFAs to represent  the treatment allegedly rendered.

98.    For example, in some instances Defendants created two sets of HICFAs reflecting different dates of treatment and different treatments.  In other instances Defendants continued billing for treatment after the patient had completed his or her treatment, and/or Defendants submitted bills for treatment pre-dating the very accident that allegedly resulted in the patient's injuries.

99.    Defendants' intentional repeated and consistent pattern of attempting to and actually defrauding Plaintiffs by billing for treatment that was not rendered is

exhibited in claims submitted to Plaintiffs regarding, but not limited to, the following patients:

| Claimant | Claim No. | Date of Loss |
|----------|-----------|--------------|
| DA-28 | 09-5082-974 | 08/24/04 |
| JA-29 | 09-5082-974 | 08/24/04 |
| AA-31 | 20-5873-858 | 01/23/05 |
| PB-47 | 09-5095-076 | 08/29/05 |
| AG-48 | 09-5095-076 | 08/29/05 |
| SG-49 | 09-5095-076 | 08/29/05 |
| RC-84 | 20-6198-695 | 11/25/06 |
| JTA-85 | 20-6198-695 | 11/25/06 |
| JT-86 | 20-6198-695 | 11/25/06 |
| VD-18 | 20-5696-488 | 09/19/03 |
| DD-78 | 20-6159-984 | 08/02/06 |
| JF-72 | 09-5100-693 | 03/06/06 |
| RG-69 | 09-5099-792 | 02/01/06 |
| DH-76 | 20-6157-306 | 07/24/06 |
| DJ-57 | 09-5097-149 | 11/03/05 |
| DJ-51 | 20-5955-732 | 10/03/05 |
| AJ-55 | 20-5967-368 | 11/03/05 |
| BK-75 | 20-6152-810 | 07/17/06 |
| DL-20 | 20-5722-339 | 11/22/03 |
| RM-61 | 20-5973-386 | 11/18/05 |
| TM-58 | 20-5972-828 | 11/08/05 |
| LM-67 | 20-5997-319 | 01/28/06 |
| AM-81 | 09-5106-775 | 09/10/06 |

| | | |
|---|---|---|
| SM-66 | 20-5994-189 | 01/20/06 |
| NM-80 | 09-5106-005 | 08/12/06 |
| RP-33 | 09-5089-898 | 04/01/05 |
| RP-87 | 46-1203-702 | 12/12/06 |
| LR-77 | 20-6157-306 | 07/24/06 |
| MR-71 | 09-5100-520 | 02/27/06 |
| KB-17 | 46-0777-696 | 09/14/03 |
| GR-43 | 20-5933-787 | 07/25/05 |
| MR-30 | 20-5870-077 | 01/21/05 |
| JS-46 | 20-5943-640 | 08/27/05 |
| PB-63 | 09-5098-424 | 12/14/05 |
| AV-70 | 09-5100-520 | 02/27/06 |
| LW-40 | 46-1029-687 | 07/16/05 |
| AW-36 | 09-5092-642 | 06/15/05 |
| AM-53 | 09-5096-603 | 10/16/05 |
| YW-96 | 09-5077-099 | 03/05/04 |
| GV-88 | 09-5110-623 | 01/06/07 |

<u>Treatment Was Rendered by Someone Not Authorized
To Administer the Treatment</u>

100.    Defendants engaged in pattern and practice of intentionally defrauding and attempting to defraud Plaintiffs by billing for treatment improperly rendered by individuals who were not licensed or otherwise qualified to administer said treatment. Specifically, Defendants employed individuals who, upon information and belief, were not at any time relevant hereto licensed physical therapists or physical therapist assistants as defined in the District of Columbia Chiropractic Act and the District of

21

Columbia Physical Therapy Act, both of which are set forth in the Health Occupations Article of the Annotated Code of the District of Columbia.    Notwithstanding, these individuals rendered medical treatment and physical therapy at Defendants' offices in violation of the laws in the District of Columbia.  Defendants defrauded Plaintiffs by billing for the medical treatment and physical therapy rendered in violation of the laws of the District of Columbia to State Farm insureds and claimants by Defendants' unlicensed employees.  Said treatment included, but is not limited to, massage, manipulation, physical therapy, and other modalities.

101.    Defendants further attempted to defraud and actually defrauded Plaintiffs by deliberately failing to maintain and/or disclose accurate and proper records disclosing the nature of the treatment and identity of the individual performing said treatment.   In this regard, Defendants also deliberately misrepresented to Plaintiffs in their records that Defendant Albert provided treatment, which treatment was in fact provided by other individuals.  These intentional and fraudulent misrepresentations as to the identity of the person or people actually administering the treatment include a failure to identify treatment provided by an independent contractor physical therapist retained by Defendants.  These deliberate omissions were part of Defendants' scheme to defraud Plaintiffs from learning of Defendants' and Defendants' representatives' failures to comply with the District of Columbia Municipal Regulations for Physical Therapy  by, among other things, improperly supervising patients' treatment and failing to maintain proper physical therapy records.

102.    Defendants' intentional repeated and consistent pattern of defrauding

Plaintiffs by misrepresenting the identity of the individual(s) administering the treatment, billing for treatment rendered by individuals who were not qualified or licensed to render such treatment, and/or billing for treatment rendered by a physical therapist when the patient's treatment was not being supervised or recorded in accordance with the regulations in the District of Columbia occurred in records, bills and charges prepared by Defendants and submitted to Plaintiffs include, but is not limited to, bills submitted for the following patients:

| Claimant | Claim No. | Date of Loss |
|----------|-----------|--------------|
| AA-37 | 09-5095-741 | 06/25/05 |
| RC-84 | 20-6198-695 | 11/25/06 |
| JTA-85 | 20-6198-695 | 11/25/06 |
| JT-86 | 20-6198-695 | 11/25/06 |
| RF-38 | 09-5095-741 | 06/25/05 |
| RG-69 | 09-5099-792 | 02/01/06 |
| DJ-57 | 09-5097-149 | 11/03/05 |
| DJ-51 | 20-5955-732 | 10/03/05 |
| OH-79 | 46-1160-131 | 08/04/06 |
| DH-76 | 20-6157-306 | 07/24/06 |
| VK-24 | 20-5753-470 | 02/19/04 |
| AM-81 | 09-5106-775 | 09/10/06 |
| NM-80 | 09-5106-005 | 08/12/06 |
| SM-66 | 20-5994-189 | 01/20/06 |
| RP-33 | 09-5089-898 | 04/01/05 |
| RP-87 | 46-1203-702 | 12/12/06 |

| LR-77 | 20-6157-306 | 07/24/06 |
| MR-71 | 09-5100-520 | 02/27/06 |
| JS-46 | 20-5943-640 | 08/27/05 |
| PB-63 | 09-5098-424 | 12/14/05 |
| AV-70 | 09-5100-520 | 02/27/06 |

Improper Billing Practices

103.    Defendants further engaged in the pattern and practice of intentionally defrauding Plaintiffs by engaging in improper billing practices. Specifically, Defendants presented their bills to Plaintiffs primarily through the use of Health Insurance Claim Forms (HICFAs),  Defendants utilized CPT codes on the HICFAs to represent  the treatment allegedly rendered. Defendants, however, improperly utilized incorrect CPT codes preparing fraudulent bills for submission to Plaintiffs. The improper use of CPT codes includes, but is not limited to, Defendants' use of defunct CPT codes, upcoding the CPT codes to fraudulently set forth treatment more complicated, longer or different than the treatment which actually was rendered and/or may have been reasonable, upcoding CPT codes to reflect treatment to more body regions than were injured by the patient, upcoding the units allegedly administered to reflect longer treatment and/or to more body regions than were injured by the patient; unbundling billing entries to improperly bill for components of treatment, upcoding office evaluations to represent longer evaluations than actually occurred and for injuries more complicated than those at issue, billing for multiple and consecutive unnecessary office evaluations, among others.

104.    Defendants' scheme to defraud State Farm also involved extraordinarily

24

excessive charges for treatment,  well beyond industry custom and standards.

105.    Defendants' intentional repeated and consistent pattern of attempting of defraud and actually defrauding Plaintiffs in preparing bills for submission to Plaintiffs that inaccurately reflected the nature of the treatment and injuries, and otherwise improperly set forth charges, may be seen in charges for, but not limited to, the following patients:

| Claimant | Claim No. | Date of Loss |
|----------|-----------|--------------|
| AA-37 | 09-5095-741 | 06/25/05 |
| MA-73 | 20-6109-348 | 03/12/06 |
| DA-28 | 09-5082-974 | 08/24/04 |
| JA-29 | 09-5082-974 | 08/24/04 |
| AA-31 | 20-5873-858 | 01/23/05 |
| PB-47 | 09-5095-076 | 08/29/05 |
| LB-65 | 20-5992-547 | 01/14/06 |
| RB-74 | 20-6109-348 | 03/12/06 |
| DB-91 | 09-5110-620 | 01/07/07 |
| TB-92 | 09-5110-620 | 01/07/07 |
| AG-48 | 09-5095-076 | 08/29/05 |
| SG-49 | 09-5095-076 | 08/29/05 |
| RC-84 | 20-6198-695 | 11/25/06 |
| JTA-85 | 20-6198-695 | 11/25/06 |
| JT-86 | 20-6198-695 | 11/25/06 |
| VD-18 | 20-5696-488 | 09/19/03 |
| DD-78 | 20-6159-984 | 08/02/06 |
| TD-62 | 20-5973-233 | 11/20/05 |

| | | |
|---|---|---|
| BE-25 | 20-5770-732 | 04/15/04 |
| TE-27 | 20-5807-167 | 07/30/04 |
| SE-26 | 20-5788-160 | 06/04/04 |
| RF-38 | 09-5092-741 | 06/25/05 |
| KF-59 | 20-5971-849 | 11/13/05 |
| JF-72 | 09-5100-693 | 03/06/06 |
| RG-69 | 09-5099-792 | 01/01/06 |
| NG-19 | 20-5722-339 | 11/22/03 |
| NG-64 | 20-5982-854 | 12/16/05 |
| NG-94 | 20-6279-342 | 06/04/07 |
| DH-45 | 20-5944-707 | 08/26/05 |
| TH-50 | 09-5096-024 | 09/23/05 |
| RH-42 | 20-5933-787 | 07/25/05 |
| OH-79 | 46-1160-131 | 08/04/06 |
| DH-76 | 20-6157-306 | 07/24/06 |
| RH-83 | 20-6190-105 | 11/02/06 |
| EH-68 | 20-5997-319 | 01/28/06 |
| DJ-35 | 20-5905-531 | 05/10/05 |
| MJ-56 | 20-5967-368 | 11/03/05 |
| AJ-55 | 20-5967-368 | 11/03/05 |
| DJ-51 | 20-5955-732 | 10/03/05 |
| DJ-57 | 09-5097-149 | 11/03/05 |
| BK-75 | 20-6152-810 | 07/17/06 |
| VK-24 | 20-5753-470 | 02/19/04 |
| DL-44 | 09-5095-114 | 07/26/05 |
| DL-20 | 20-5722-339 | 11/22/03 |
| RM-61 | 20-5973-386 | 11/18/05 |

| | | |
|---|---|---|
| AM-53 | 09-5096-603 | 10/16/05 |
| RF-38 | 09-5095-741 | 06/25/05 |
| TM-58 | 20-5972-828 | 11/08/05 |
| TM-52 | 09-5096-475 | 10/14/05 |
| LM-67 | 20-5997-319 | 05/25/04 |
| AM-81 | 09-5106-775 | 09/10/06 |
| SM-66 | 20-5994-189 | 01/20/06 |
| MM-54 | 46-1061-787 | 10/20/05 |
| NM-80 | 09-5106-005 | 08/12/06 |
| FN-22 | 20-6210-849 | 01/09/04 |
| RP-33 | 09-5089-898 | 04/01/05 |
| TP-34 | 09-5089-898 | 04/01/05 |
| BP-15 | 46-0613-380 | 07/19/02 |
| BP-16 | 46-0776-654 | 08/21/03 |
| BP-23 | 46-0829-438 | 01/20/04 |
| RP-87 | 46-1203-702 | 12/12/06 |
| LR-77 | 20-6157-306 | 07/24/06 |
| MR-90 | 09-5110-620 | 01/07/07 |
| MR-71 | 09-5100-520 | 02/27/06 |
| KB-17 | 46-0777-696 | 09/14/03 |
| GR-43 | 20-5933-787 | 07/25/05 |
| MR-30 | 20-5870-077 | 01/21/05 |
| GS-82 | 09-5108-247 | 10/24/06 |
| JS-46 | 20-5943-640 | 08/27/05 |
| TS-32 | 20-5886-251 | 03/12/05 |
| SS-93 | 20-6232-698 | 01/07/07 |
| SS-60 | 20-5973-386 | 11/18/05 |

| PB-63 | 09-5098-424 | 12/14/05 |
|-------|-------------|----------|
| AV-70 | 09-5100-520 | 02/27/06 |
| LW-40 | 46-1029-687 | 07/17/05 |
| VW-41 | 46-1029-687 | 07/17/05 |
| LW-21 | 20-5729-982 | 12/10/03 |
| AW-36 | 09-5092-642 | 06/15/05 |
| VW-39 | 20-5924-849 | 07/05/05 |
| YW-96 | 09-5077-099 | 03/05/04 |
| GV-88 | 09-5110-623 | 01/06/07 |
| JW-95 | 20-6271-016 | 06/15/07 |

<u>Neurodiagnostic Testing</u>

106.    In furtherance of their scheme to intentionally defraud Plaintiffs, Defendants ordered unnecessary and unreasonable surface neurodiagnostic testing of State Farm insureds and claimants, to be conducted in Defendants' office by an independent contractor who maintains a business entity titled Neurodiagnostic Services Inc.  Defendants prepared and submitted for payment HICFAs under the entity named "Neurodiagnostic", fraudulently holding themselves out as the independent contractor and/or the independent contractor's business, and deliberately attempting to defraud Plaintiffs into believing that they were paying this separate entity.  For example, Defendants failed to identify themselves as the payees, utilized Defendant Albert's home address instead of the office address, and set forth Defendant Albert's personal social security number on the HICFAs instead of Defendant Allied's tax identification number.

107.    Moreover, Defendants' charges for the surface neurodiagnostics tests

reflects their intentional pattern and practice of attempting to defraud and actually defrauding Plaintiffs in that Defendants improperly utilized CPT codes on the HICFAs regarding these tests, which acts of fraud include but are not limited to using improper CPT codes for the tests performed and improperly unbundling charges for components of such tests.

108.    Defendants' pattern and practice of intentionally defrauding Plaintiffs with charges for neurodiagnostic tests is also evidenced in that, for example, Defendants' records do not consistently demonstrate the need for the test, that the test was ordered, that the test results were reviewed, and/or that the test impacted upon the treatment in any fashion.  In some instances, there are no test results demonstrating that the tests were even performed.

109.    Defendants' intentional repeated and consistent pattern of attempting to defraud and actually defrauding Plaintiffs in preparing bills for submission to Plaintiffs for surface neurodiagnostic tests may be seen in charges for, but not limited to, the following patients:

| Claimant | Claim No. | Date of Loss |
|----------|-----------|--------------|
| AA-37 | 09-5095-741 | 06/25/05 |
| RF-38 | 09-5095-741 | 06/25/05 |
| FN-22 | 20-6210-849 | 01/09/04 |
| GS-82 | 09-5108-247 | 10/24/06 |
| PB-63 | 09-5098-424 | 12/14/05 |
| AW-36 | 09-5092-642 | 06/15/05 |
| VW-39 | 20-5924-849 | 07/05/05 |

110.   During the relevant times, in connection with the activities of Defendants giving rise to this action, Defendants conspired to engage in the various activities and aided and abetted in such acts.

111.   During the relevant times, in connection with the activities of Defendants giving rise to this action, the Defendants, both individually and collectively acted with malice, intent and knowledge.

112.   During the relevant times, in connection with the activities of Defendants giving rise to this action, the Defendants, both individually and collectively, intentionally acted to fraudulently conceal their identities to obtain payments improperly and illegally.

113.   Plaintiffs were directly injured in their business in an undetermined amount by Defendants' misrepresentation, violations of law, fraudulent conduct and other acts and omissions committed by the Defendants, individually and collectively as set forth in paragraphs 1 through 113.   Such injury includes, but is not limited to, the inability of the Plaintiffs to conduct its insurance business on the basis of true, accurate and complete assessments of medical treatment and the amount of legitimate compensable claims; the loss of funds unwittingly paid pursuant to false and fraudulent claims for medical care which funds enabled Defendants to continue their operations and to enhance their ability to further harm State Farm's business; the expenses incurred in the review, adjustment and payment of the claims created and supported through these acts; the losses and financial expenses which are now being incurred to create, establish and carry out systems and policies to detect and discover such fraudulent and inflated claims, as well as the payment of claims adjusters, consultants and attorneys

to detect and seek reimbursement for said claims, and to prevent any other such fraudulent claims from taking place.

## COUNT I
## VIOLATION OF D.C. INSURANCE FRAUD STATUTE  § 22-3225.01, *et seq.*

114.    State Farm incorporates herein by reference the allegations set forth in paragraphs 1 through 113 of this Complaint.

115.    The District of Columbia Insurance Fraud Act provides that a person commits the offense of insurance fraud if he knowingly and with the intent to defraud presents false information or knowingly conceals information regarding a material fact in a claim for payment or benefit under an insurance policy or payment made in accordance with the terms of an insurance policy.  D.C. Code § 22-3225.02(1)(B), (D).

116.    Each of the acts of the Defendants, as set forth in paragraphs 1 through 112, constituted a fraudulent insurance act as defined by the D.C. Code  § 22-3225.02(1)(B), (D), in violation of the District of Columbia Insurance Fraud Act.

117.    Specifically, the misrepresentations, violations of law, fraudulent conduct and other acts and omissions committed by the Defendants, as set forth in paragraphs 1 through 113, demonstrate insurance fraud as Defendants intentionally and with the intent to defraud Plaintiffs presented false information directly or by omission regarding State Farm insureds' and claimants' injuries and treatment, and presented false billing information.  Defendants further knowingly concealed material information as set forth in paragraphs 1 through 113, such as the identity of the person performing the treatment, the accurate nature of the patients' complaints, the dates of treatment, and treatment received.

118.    The insurance fraud perpetrated by Defendants was in accordance with several established patterns and practices engaged in by Defendants with multiple and numerous patients.

119.    Defendants knowingly intended that Plaintiffs would be induced by such false and fraudulent representations to provide payment to Defendants and/or to individuals making claims with State Farm for payments under the State Farm policies providing coverage for such treatment and bills.

120.    State Farm justifiably relied on the fraudulent misrepresentations made by the Defendants in making payment to Defendants and to individuals who submitted the records and invoices prepared by Defendants.

121.    As a result of the fraudulent misrepresentations by Defendants, Plaintiffs suffered injury and damages as set forth in paragraph 8 of this Complaint.

122.    Further, the fraud by Defendants was made with malice, vindictiveness and wanton disregard for the rights of Plaintiffs State Farm, and demonstrated a clear and convincing pattern and practice of fraud, thus entitling Plaintiffs to recovery of treble damages and other costs, including but not limited to attorneys fees.

WHEREFORE, State Farm prays this Court enter judgment in favor of Plaintiffs and against all Defendants, jointly and/or severally, for an amount exceeding $75,000.00 in compensatory damages, plus treble damages, and other costs including but not limited to attorneys fees.

## COUNT II
## REQUEST FOR DECLARATORY RELIEF

123.    State Farm incorporates herein by reference the allegations set forth in

paragraphs 1 through 122 of this Complaint.

124.    State Farm has a right to be billed for and is only obligated to issue payment for accurate and proper bills reflecting reasonable and necessary treatment as it relates to the claim at issue. State Farm is not obligated to pay for bills containing false and fraudulent representations, including: (A) billing for treatment that was not rendered; (B) billing for treatment rendered by individuals not licensed or qualified to administer the treatment provided; (C) improper billing and record creation violating the laws of the District of Columbia and industry custom and standards; (D) administering and billing for unnecessary and unreasonable treatment and testing.

125.    State Farm therefore has no obligation to pay any outstanding bills submitted by Defendants, either directly or through the patient or through the patient's representative, given Defendants' knowing and intentional attempts to defraud Plaintiffs by presenting false information and/or knowing concealment of information regarding material facts relating to the accident or injuries

126.    State Farm is entitled to a declaratory judgment as an action in controversy exists between Plaintiffs State Farm and the Defendants in this lawsuit involving their respective rights and obligations, and all parties have an interest in this Court's determination as to whether State Farm is not obligated to make payment on outstanding invoices created by Defendants in the past or the future and submitted for payment in claims presented to State Farm.

WHEREFORE, a ruling by this Court is needed to determine whether State Farm is not obligated to make payment on outstanding invoices created by Defendants and

submitted for payment in claims presented to State Farm.

WHEREFORE, Plaintiffs State Farm seeks the following relief:

[a]     that the Court issue a declaratory judgment defining the parties' respective rights, status, and other legal relationships and obligations under the Policy;

[b]     that the Court issue a declaratory judgment determining that State Farm is not obligated to make payment on outstanding invoices created by Defendants in the past or future and submitted for payment in claims presented to State Farm;

[c]     that the Court issue a declaratory judgment obligating Defendants to repay all amounts previously paid by Plaintiffs to Defendants as set forth herein;

[d]     that the Court award Plaintiffs State Farm all reasonable and equitable relief available to it; and

[e]     that the Court award Plaintiffs State Farm such other and further relief as the nature of this cause of action may require.

Respectfully submitted,

**BUDOW and NOBLE, P.C.**

_____
_____Laura Basem Jacobs, U.S.D.C. MD Bar No.
7315 Wisconsin Avenue, Suite 500W
Bethesda, MD 20814
301-654-0896
Attorney for Plaintiffs

**JURY ELECTION**

34

Plaintiffs, State Farm Mutual Automobile Insurance Company, and State Farm Fire and Casualty Company, elect to have this civil action trial held before a jury.

_____
_____Laura Basem Jacobs

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

State Farm Mutual Automobile Insurance Company & State Farm Fire and Casualty Company
1 State Farm Plaza
Bloomington, Illinois 61710

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Laura Basem Jacobs, Esquire
Budow and Noble, P.C.
7315 Wisconsin Avenue, Suite 500 West
Bethesda, Maryland 20814
(301) 654-0896

## DEFENDANTS

Allied Healthcare Practitioners, et al.
4444 Connecticut Avenue, N.W.
Washington, D.C. 20008

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
### (PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
    Plaintiff

○ 2 U.S. Government
    Defendant

○ 3 Federal Question
    (U.S. Government Not a Party)

● 4 Diversity
    (Indicate Citizenship of
    Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ● 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ● 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
### (Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. Section 1332 - Violation of D.C. Insurance Fraud Statute Section 22-3225.01, et seq.

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS<br>☐ ACTION UNDER F.R.C.P. 23 | DEMAND $ 575,000 plus treble damages and costs<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☒    NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☐   If yes, please complete related case form.

DATE  6·20·08   SIGNATURE OF ATTORNEY OF RECORD   *Laura Jacobs*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., or 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.